1

2                      UNITED STATES DISTRICT COURT

3                   NORTHERN DISTRICT OF CALIFORNIA

4

5    STEVEN WAYNE BONILLA,              Case Nos.  22-cv-3671-PJH

6                   Plaintiff,                     22-cv-3767-PJH
                                                   22-cv-4214-PJH
7          v.                                      22-cv-4215-PJH
                                                   22-cv-4216-PJH
8    ADRIENNE L. COLEMAN, et. al.,                 22-cv-4217-PJH

9                   Defendants.                    22-cv-4218-PJH

10

11                                      **ORDER DISMISSING MULTIPLE**
                                        **CASES WITH PREJUDICE**
12

13

14         Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42

15   U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

16   petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

17   YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In*
     *re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

18
           Plaintiff presents nearly identical claims in these actions.  He names as
19
     defendants a federal judge, various state courts and several state and federal officials.
20
     He seeks relief regarding his underlying conviction or how his other cases were handled
21
     by the state and federal courts.
22
           To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,
23
     he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is
24
     "under imminent danger of serious physical injury" at the time he filed his complaint.  28
25
     U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case
26
     No. 13-0951 CW.
27

28

United States District Court
Northern District of California

The allegations in these complaints do not show that plaintiff was in imminent danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with prejudice.

The clerk shall terminate all pending motions and close these cases.  The clerk shall return, without filing, any further documents plaintiff submits in these closed cases.

**IT IS SO ORDERED.**

Dated: July 26, 2022

_    /s/ Phyllis J. Hamilton_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California